# THE TOLEDO, PEORIA AND WARSAW RAILWAY COMPANY
## *v.*
## JOHN McCLANNON.

1. PRACTICE — *instructions* — *demurrer*. Where it is urged that the declaration fails to contain an averment that it was necessary to have fenced the track of the railroad at the place where an accident occurred, it is not error for the court to refuse on the trial to instruct the jury that such an averment was necessary; if material, it should have been presented by demurrer. The evidence on the trial showing that a fence was necessary cured the want of the averment and sustained the verdict.

2. NEW TRIAL — *verdict against the evidence*. The question whether the road was bound to fence; whether it had been in use six months; whether plaintiff was the owner of the stock killed, and the amount of damages sustained, were questions for the jury, to be determined from the weight of the evidence, and, unless the finding is manifestly against the evidence, the verdict will not be disturbed.

3. PLEADINGS — *proof of averments*. A plaintiff is not held to proof that the injury was committed on the day laid in the declaration, but may prove it to have been done at any time within the statute of limitations.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action on the case, brought by John McClannon, in the Iroquois Circuit Court, against the Toledo, Peoria and Warsaw Railway company, to recover for killing six head of cattle on the 17th day of September, 1865, on their road, with their engines and cars, at a place where they were by law required to fence their road, but had entirely failed. A plea of the general issue was filed, and issue joined on the plea.

A trial was had at the February Term, 1866, by the court and a jury. It appeared on the trial, that six of plaintiff's cattle were killed, and appeared to have been done by a train of cars, and about the 15th or 17th of September, 1865. Some were killed, and others crippled so that they were killed by the employees of the road. The road was not fenced at the place of the accident, and it was not at a road crossing in a city, town or village.

The jury found the issues for the plaintiff, and assessed his damages at $150. Defendants entered a motion for a new trial, which was overruled by the court, and judgment was rendered upon the verdict, from which defendant has appealed to this court, and asks a reversal of the judgment of the court below.

Messrs. ROFF & DOYLE, and INGERSOLLS & PUTERBAUGH, for the appellants.

Messrs. WOOD & LONG, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case brought by McClannon, in the Iroquois Circuit Court, against The Toledo, Peoria and Warsaw Railway company, for alleged negligence, in killing a number of cattle, on their track. The declaration alleges that the company had failed to fence their road at the place where the injury was done, although their road had been open and in use for more than six months; and that the injury occurred at a place not exempted from being fenced, by the statute. The evidence showed that the injury did not occur at a road crossing in a town or village, or more than five miles from a settlement; and that the road had been in use for five years or more; and that it was not fenced at the place where the cattle were injured; and there was an abundance of evidence from which the jury were warranted in inferring, that the cattle

were killed by a locomotive running on this road. In fact it is not insisted by appellants that the injury did not occur from the locomotive and train.

But it is urged that the court erred in refusing to give an instruction that the plaintiff should have averred, in his declaration, that a fence was necessary at the place of the accident. If such an averment was necessary, appellants should have demurred to the declaration, and, failing to do so, and taking issue to the country, the objection, if it be such, comes too late. There are many averments which are necessary to be made, and the omission of which will render the declaration obnoxious to a demurrer, but which are cured by verdict, on the supposition that the necessary proof was made on the trial. And, if this averment was necessary, which we are not prepared to hold, it was fully cured by the evidence preserved in the bill of exceptions. It appears that the cattle did get on the track at that place, which is proof of the most convincing character, that a fence was necessary. Had it been unnecessary, the cattle could not have got upon the track. The court, therefore, committed no error in refusing to give this instruction.

The evidence we think fully warranted the jury in finding that the cattle were killed by the train, at a place where the company were bound to fence, and that the road had been in use for more than six months. It also warranted them in finding that appellee was the owner, and, from the evidence, we are not prepared to say that the damages are excessive. These were all questions strictly within the province of the jury, and the conclusion at which they have arrived is not so manifestly against the weight of evidence, that their verdict should be disturbed.

The court below was also asked to instruct the jury, that, if they believed that the cattle were killed on the fifteenth day of September, and not on the seventeenth as averred in the declaration, they should find for the defendant. If the repeated and uniform decisions of this court, as well as all other judicial tribunals, and text books, have failed to settle the law, that in such a case the plaintiff is not confined to the date laid in

his declaration, but may prove the injury to have occurred at any time before the commencement of the suit, within the statute of limitations, we shall despair of ever being able to settle it.

The court below did right in refusing this instruction. We are unable to perceive any error in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*